Pasqual Faccio
vs.       } W. C. A. No. 800.
A. W. Merchant, Inc.

June 14, 1929.

TANNER, J. The petitioner injured his knee while working for the respondent. He was incapacitated for a number of months and finally went to work for the Dimond Worsted Mills. While there engaged in unloading a basket from a truck, his knee gave way and he fell to the floor. According to the foreman to whom he reported the accident, he said that he slipped and hurt his knee on the basket.

The respondent does not dispute a portion of the liability up to the time when this second injury occurred, but thinks that the second injury was attributable to his employment by the Dimond Worsted Mills.

The petitioner had gone back to work upon the advice of his physician but apparently found that the knee was not strong enough to permit him to work. It seems to us that whatever way the cause of the injury is put, whether his knee gave way or whether he slipped and his knee hit the basket, in either case it was due to the original injury sustained in the employ of the respondent.

There are no circumstances connected with the second injury which indicate that it was due to any special circumstances connected with his employment. It was rather the fact that, owing to the previous injury from which he had not sufficiently recovered, the efforts he made in working proved too much for the weakened condition of the knee due to the first accident from which he had not recovered. We therefore think that the respondent continued to be liable on account of the first injury.

For petitioner: Pettine, Godfrey & Cambio, Fred Israel.

For respondent: Sherwood, Heltzen & Clifford.